**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARIE McCAFFREY,<br><br>Plaintiff,<br><br>vs.<br><br>DAVOL INC., a subsidiary of C.R. BARD, INC.; C.R. BARD, INC.; and ST. CLAIR HOSPITAL,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. ________________ |

**<u>NOTICE OF REMOVAL</u>**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants C.R. Bard, Inc. (hereinafter "Bard") and Davol Inc. (hereinafter "Davol"), with full reservation of any and all defenses, objections, and exceptions, including but not limited to objections to service, venue, and statute of limitations, hereby remove the above-captioned action from the Court of Common Pleas in and for Allegheny County, Pennsylvania, to this Court. In support of removal, Bard and Davol state as follows:

**I.**

**INTRODUCTION**

1. Plaintiff's Complaint is nearly identical to numerous other product liability complaints filed throughout the country against Davol and Bard. Plaintiff alleges that the Composix® Kugel® Hernia Patch, an FDA-approved medical device manufactured and sold by Davol for use in the repair of soft tissue defects, including hernias, was defective and unreasonably dangerous when put to its intended use. In 2006, two federal court plaintiffs with similar claims filed a motion before the Judicial Panel on Multidistrict Litigation ("JPML") seeking transfer and

centralization of all federal cases involving this medical device pursuant to 28 U.S.C. § 1407. On May 31, 2007, the JPML heard that motion, and on June 22, 2007, the JPML granted the plaintiffs' motion for transfer and consolidation. *See In re Kugel Mesh Hernia Patch Prods. Liab. Litig.*, 493 F. Supp. 2d 1371 (J.P.M.L. 2007). As a result, all federal cases concerning the Composix® Kugel® Patch have been transferred or are in the process of being transferred to the District of Rhode Island for consolidated pretrial proceedings styled as *In re: KUGEL MESH HERNIA PATCH PRODUCTS LIABILITY LITIGATION*, No. 1:07-MDL-1842-ML (D.R.I.) (J. Lisi). With Defendant's removal, the present action can and should become part of those MDL proceedings in due course.

**II.**

**THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED**

2. In the instant action, Plaintiff filed her Complaint in the Court of Common Pleas in and for Allegheny County, Pennsylvania, on or about February 19, 2008. Bard and Davol were served with the Complaint on February 20, 2008. Neither Bard nor Davol have answered the Complaint.

3. As required by 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Bard and Davol (including Plaintiff's Complaint) is attached hereto as Exhibit A.

4. This Notice of Removal is properly directed to this Court pursuant to 28 U.S.C. § 1446(a), as it is the District Court embracing the Superior Court in and for Allegheny County, Pennsylvania, where Plaintiff's Complaint is pending. *See* 28 U.S.C. § 118(c).

5. This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is being filed within thirty (30) days after the first receipt by Bard and Davol, through service, of Plaintiff's Complaint, which sets forth the bases for removal.

6. Pursuant to 28 U.S.C. § 1446(d), Bard and Davol are filing a written notice of this removal with the clerk of the Court of Common Pleas in and for Allegheny County, Pennsylvania, where Plaintiff's Complaint is pending. Copies of this Notice of Removal and the written notice of same provided to the state court are also being served upon Plaintiff's counsel in accordance with 28 U.S.C. § 1446(d).

**III.**

**THIS COURT HAS DIVERSITY JURISDICTION**

7. As will be shown more fully below, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000, and there is complete diversity of citizenship between Plaintiff and Bard and Davol, the only properly joined defendants. Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

**A.**

**The Amount-In-Controversy Requirement Is Satisfied**

8. Although Bard and Davol deny Plaintiff's claims, Bard and Davol believe in good faith that more than $75,000 is actually in controversy, and therefore the amount-in-controversy requirement of 28 U.S.C. § 1332(a) has been met. *See* Compl. ¶¶ 18, 33, 42, 50, 54, 58 (demanding judgment "in an amount greater than $75,000.00").

**B.**

**The Parties Properly Joined In This Action Are Completely Diverse**

9. Plaintiff is a resident and citizen of Pennsylvania. *See* Compl. ¶ 1 (stating that plaintiff "is and was at all relevant times a resident of . . . Pennsylvania").

10. Bard is, and has been at all relevant times, a corporation organized under the laws of the State of New Jersey with its principal place of business also in New Jersey. Accordingly, Bard is a citizen of New Jersey. *See* 28 U.S.C. § 1332(c)(1).

11. Davol is, and has been at all relevant times, a corporation organized under the laws of the State of Delaware with its principal place of business in Rhode Island. Accordingly, Davol is a citizen of those two states. *See* 28 U.S.C. § 1332(c)(1).

**C.**

**The Remaining Defendant Is Improperly Joined, And Its Citizenship Should Be Disregarded For Purposes of Jurisdictional Analysis**

12. Assuming Defendant St. Clair Hospital is a citizen of Pennsylvania as alleged, its nominal presence in this case does not destroy this Court's diversity jurisdiction because it is "fraudulently joined" as putative defendants. The fraudulent joinder doctrine prevents a plaintiff from defeating federal diversity jurisdiction merely by naming nominal, non-diverse defendants. In determining whether a non-diverse defendant has been fraudulently joined, this Court must determine whether the facts and allegations stated in Plaintiff's Complaint provide a basis for relief against the non-diverse defendant. *See In re Diet Drugs Prods. Liab. Litig.*, No. MDL 1203, 2004 WL 1824357, at *2 (E.D. Pa. Aug. 12, 2004) (as part of fraudulent joinder analysis, "court must decide whether there is 'a reasonable basis in fact or colorable ground supporting the claim against the joined defendant'"). The Court should critically examine Plaintiff's claims, for it need not "accept blindly whatever plaintiffs may assert no matter how incredible or how contrary to the overwhelming weight of the evidence." *Id.* "If the court concludes that a defendant was fraudulently joined, it may disregard that defendant's citizenship in determining whether diversity jurisdiction exists." *Wise v. Lincoln Logs Ltd.*, 889 F. Supp. 549, 552 (D. Conn. 1995).

13. Here, the facts and allegations set out in Plaintiff's Complaint provide no basis for recovery against St. Clair Hospital. Plaintiff's Complaint plainly seeks to hold St. Clair Hospital liable as a seller or distributor of an allegedly defective product. *See* Compl. ¶ 52.1 (liability against St. Clair Hospital premised upon the allegation that the Hospital "distributed the patch in question"); *id.* ¶ 56 ("strict liability" claim against St. Clair Hospital premised upon the allegation that the Hospital "sold and delivered" the Composix® Kugel® Patch).[1] Plaintiff's product liability claims against St. Clair Hospital fail as a matter of Pennsylvania law because hospitals are not subject to such claims. *See, e.g.*, *Cafazzo v. Central Med. Health Svcs, Inc.*, 668 A.2d 521, 525 (Pa. 1995) (finding, *inter alia*, that hospitals "are not sellers, providers, suppliers or distributors of products such as to activate" product liability claims as a matter of Pennsylvania law); *Eby v. Milton S. Hershey Med. Ctr.*, No. 4977 S 1992, 1996 WL 932122, at *3 (Pa. Com. Pl. Mar. 14, 1996) (granting summary judgment on product liability claims against hospital, finding that "the [medical product] administered to [plaintiff] was the treatment rendered by the hospital and that is was critical to the provision of medical services which is [the hospital's] primary activity").

14. For the foregoing reasons, Plaintiff's Complaint provides no basis for recovery against St. Clair Hospital. Consequently, that entity is fraudulently joined as a defendant in this action, and this Court must disregard its citizenship for purposes of its jurisdictional analysis.[2] *See Wise*,

[1] Plaintiff does not and cannot bring a true negligence or medical negligence claim against the hospital pursuant to Pennsylvania Rule of Civil Procedure 1042.1, et seq., as Plaintiff has failed to specifically allege that she is asserting a professional liability action against said hospital as required by Pa.R.C.P. 1042.2 and have similarly failed to attach a Certificate of Merit as required by Pa.R.C.P. 1042.3.

[2] Because St. Clair Hospital is fraudulently joined as defendants, Bard and Davol need not obtain their consent to removal. *See, e.g., Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) ("In cases involving alleged improper or fraudulent joinder of parties, . . . application of th[e] requirement [that the removing defendant obtain consent of all defendants] to improperly or fraudulently joined parties would

889 F. Supp. at 552. Complete diversity of citizenship exists between Plaintiff and Bard and Davol, the only parties properly joined as defendants in this action.

WHEREFORE, Defendants C.R. Bard, Inc. and Davol Inc. respectfully remove this action from the Court of Common Pleas in and for Allegheny County, Pennsylvania, to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Should any question arise as to the propriety of this removal, Defendants respectfully request an opportunity to provide briefing and oral argument.

Dated: February 26, 2008

Respectfully submitted,

WHITE AND WILLIAMS LLP

/s/ Steven J. Forry

Steven J. Forry
1001 Frick Building
Pittsburgh, PA 15219
Tel: 412-566-3531
Fax: 412-566-3548
forrys@whiteandwilliams.com

**ATTORNEYS FOR DEFENDANT DAVOL INC. AND DEFENDANT C.R. BARD, INC.**

---

be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists."); *Steel Valley Authority v. Union Switch & Signal Div.*, 809 F.2d 1006, 109 n.2 (3d Cir. 1987) (noting exception to general rule of unanimity, in that fraudulently joined parties need not consent to removal).

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 26 day of February, 2008, a true and correct copy of the foregoing Notice of Removal has been served upon counsel of record in the manner indicated below:

George M. Kontos
Brian W. DelVecchio
SWENSEN, PERER & KONTOS
One Oxford Centre
Suite 2501
Pittsburgh, PA 15219
*first-class mail, postage pre-paid*

John C. Conti
Lisa D. Dauer
Dickie, McCamey & Chilcote, P.C.
Two PPG Place, Suite 400
Pittsburgh, PA 15222-5402
*first-class mail, postage pre-paid*

BY: /s/ Steven J. Forry
Steven J. Forry